IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURA KLEIN, | CIVIL NO. 02-1451-MO |
|     Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT |
| v. | NOTWITHSTANDING THE VERDICT |
| JOHN McHALE, | |
|     Defendant. | |

**MOSMAN, J.,**

    Plaintiff Laura Klein obtained a jury verdict in her favor finding defendant John McHale liable for the tort of infliction of severe emotional distress. Defendant McHale now moves for a judgment notwithstanding the verdict. Because the evidence, construed in the light most favorable to the non-moving party, permits a jury's finding of liability, defendant's motion for a judgment notwithstanding the verdict is DENIED.

    A motion for judgment notwithstanding the verdict has been renamed a renewed motion

PAGE 1 -     ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT
                  NOTWITHSTANDING THE VERDICT

for judgment as a matter of law. See Fed. R. Civ. P. 50(b). In the Ninth Circuit, "[j]udgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the jury's verdict." Omega Environmental, Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1161 (9th Cir. 1997), cert. denied, 525 U.S. 812 (1998); see also Baker v. Delta Air Lines, Inc., 6 F.3d 632, 644 (9th Cir. 1993) (court "must determine whether the evidence, construed as a whole and viewed in the light most favorable to the nonmoving party, reasonably can support *only* a verdict for the moving party") (emphasis original, internal quotation omitted).

In considering a motion under Rule 50(b), "the district court is not free to weigh the parties' evidence or to pass on the credibility of witnesses or to substitute its judgment of the facts for that of the jury." 9A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 2524, 255-56 (1995) (internal citations omitted).

Here, the evidence viewed in the light most favorable to the non-moving party is: defendant McHale was the national director of fraud investigations and one of plaintiff Klein's senior ranking superiors; he purchased an alcoholic beverage for her after knowing she was intoxicated; he was not intoxicated; there had been no flirting or other sexual suggestion between them; he went to her hotel room late at night; she passed out; and he had sex with her.

Days later, upon being confronted by defendant that she believed the sex to be non-consensual, plaintiff stated that he had worn a condom when, in fact, he had not. There was testimony from plaintiff, her friend, and a social worker, describing the profound mental and emotional distress that plaintiff endured following her sexual encounter with plaintiff and their subsequent telephone conversations.

PAGE 2 -     ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT
                       NOTWITHSTANDING THE VERDICT

The jury's verdict reflected their belief that the sex that took place between the parties was non-consensual. Having non-consensual sex can satisfy the court's instruction regarding the infliction of severe emotional distress. Under the court's jury instruction number six, plaintiff needed to establish three elements by a preponderance of the evidence: (1) the defendant intended to inflict severe emotional distress or knew that severe emotional distress was substantially certain to result from the defendant's conduct; (2) the defendant's conduct caused the plaintiff severe mental or emotional distress; and (3) the defendant's conducted consisted of some extraordinary transgression of the bounds of socially tolerable conduct or exceeded any reasonable limit of social toleration.

Here, the evidence, when viewed in the light most favorable to plaintiff, supports each of these elements. As a result, defendant's motion for a judgment notwithstanding the verdict or judgment as a matter of law (Doc. #81) is DENIED.

IT IS SO ORDERED.

DATED:   Portland, Oregon, September  22 , 2004.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 3 -    ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT